**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4299**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUFUS LAMAR PARKER, a/k/a Rudy Parker,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:17-cr-00105-D-1)

Submitted:  April 7, 2020                                          Decided:  April 14, 2020

Before WILKINSON, QUATTLEBAUM, and RUSHING, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rufus Lamar Parker pled guilty, without a plea agreement, to six counts of distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2018). Parker subsequently pled guilty, pursuant to a written plea agreement, to conspiracy to manufacture, distribute, and possess with intent to distribute an unspecified amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2018). The district court imposed a 78-month sentence on each count, to run concurrently. Parker appeals his sentence by raising two challenges to the calculation of his Sentencing Guidelines range.

The Government has moved to dismiss the appeal as barred by Parker's waiver of the right to appeal included in the plea agreement for the conspiracy count. Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Parker knowingly and voluntarily waived his right to appeal his conviction and sentence on the conspiracy charge and that the sentencing issues Parker seeks to raise on appeal fall squarely within the scope of his waiver of appellate rights. Accordingly, we grant the Government's motion to dismiss as to the conspiracy count. Although not encompassed by the plea waiver, we decline to review Parker's challenge to his other, concurrent sentences under the concurrent sentence doctrine, *see United States v. Charles*, 932 F.3d 153, 155 (4th Cir. 2019), and therefore affirm the remainder of the criminal judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART AND AFFIRMED IN PART*